UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-03003-ODW (SHK)** | Date: | September 29, 2017 |
| Title: | *Aristides Argueta Gutierrez v. Fraunheim* | | |

Present: The Honorable   Shashi H. Kewalramani, United States Magistrate Judge

| D. CASTELLANOS | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Petitioner:            Attorney(s) Present for Respondent:

None Present                                                         None Present

**Proceedings:** **(In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed, Or, Alternatively, If Petitioner Is Seeking For This Matter to Be Stayed With Respect To All The Grounds (Rhines) Or Just Some Of The Grounds (Kelly)**

## I. INTRODUCTION

On April 14, 2017, Petitioner, an inmate at Pleasant Valley California State Prison ("PVSP") proceeding pro se, constructively filed[1] a Petition pursuant to Title 28 of the United States Code, section 2254. Electronic Case Filing Number ("ECF No.") 1, Petition ("Pet."). Petitioner challenges his 2014 conviction in the Los Angeles County Superior Court for various violations of California Penal Codes §§ 269(a)(3), 288(a), and 288(b)(1). Id. at 2. The Petition sets forth five grounds for habeas relief: (1) the prosecutor failed to provide required notes and oral statements made by the victim ("Claim One"); (2) the court erred in excluding particular evidence ("Claim Two"); (3) the court failed to instruct the jury on unanimity ("Claim Three"); (4) improper prosecutorial argument ("Claim Four"); and (5) improper admission of

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on April 14, 2017. ECF No. 1, Pet. at 8. Thus, the Court deems April 14, 2017 to be the Petition's filing date.

petitioners statements obtained in violation of Miranda and failure to raise this appellate claim based on ineffective assistance of counsel ("Claim Five"). See id., Pet. Petitioner acknowledges Claim Five is unexhausted and indicated that he intends to submit this claim to the California Supreme Court. Id., Pet. at 7. Petitioner also requests a "stay and abeyance" based on this unexhausted Claim Five. Id.

Because the Petition contains, admittedly, an unexhausted claim, the Petition appears subject to dismissal. Specifically, Petitioner has not exhausted his state remedies with respect to Claim Five. The Court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving Petitioner an opportunity to address this issue and to allow Petitioner to file a more detailed request for "stay and abeyance" or one of the other alternatives set out below.

Accordingly, the Court hereby issues this Order to Show Cause why the Petition should not be dismissed, and specifically orders Petitioner to respond to the Order to Show Cause in writing no later than **October 29, 2017**. The Court further directs Petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist Petitioner in determining how to respond.

## II. THE PETITION IS A MIXED PETITION SUBJECT TO DISMISSAL

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

Here, in his Petition, Petitioner concedes that he "will be presenting the ground [in Claim Five] to the State Supreme Court." ECF No. 1, Pet. at 7. Therefore, it appears the California Supreme Court has not ruled on Claim Five, and thus that claim has not been exhausted. If this is correct, the Petition is a mixed petition and subject to dismissal without prejudice. See Rose, 455 U.S. at 522.

### III. PETITIONER'S OPTIONS

**Option 1 - Petitioner May Attempt To Show That Claim Five Is Exhausted:** If Petitioner contends he has in fact exhausted his state court remedies on Claim Five, he should clearly explain this in a written response to this Order. Petitioner should attach to his response copies of any documents establishing that Claim Five is indeed exhausted. Petitioner may also file a response, and include a notice that, if the Court still finds Claim Five to be unexhausted, he alternatively selects one of the other options discussed below.

**Option 2 - Petitioner May Proceed Only On Exhausted Claims One Through Four:** Petitioner may file a First Amended Petition that includes only exhausted Claims One through Four. The Court advises Petitioner that if he elects to proceed now with only his exhausted claims, any future habeas petitions containing Claim Five, or other claims that could have been raised in the instant Petition may be rejected as successive or may be time-barred.

**Option 3 - Petitioner May Request A *Rhines* Stay:** Petitioner may file a Motion for a Rhines Stay pursuant to Rhines v. Weber, 544 U.S. 269, 277-78 (2005) ("Rhines Stay"). Pursuant to Rhines, Petitioner may ask the Court to stay all of the claims in a mixed petition while he returns to the state courts to exhaust his already pled but unexhausted claim. To obtain a stay of this case pursuant to Rhines, Petitioner is required to: (i) show good cause for his failure to exhaust Claim Five in state court earlier; and (ii) show that Claim Five is not "plainly meritless." See id. at 277. Petitioner should include any evidence available in support of his request for a Rhines Stay.

If the Court denies Petitioner's Motion for a Rhines Stay, the Petition will be dismissed because it is a mixed petition containing both exhausted and unexhausted claims. However, Petitioner may also include in the Motion a notice that, if the Court denies Petitioner's Motion for a Rhines Stay, he alternatively selects one of the other options.

**Option 4 - Petitioner May Request A *Kelly* Stay:** Petitioner may file a Motion for a Kelly Stay pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003) ("Kelly Stay"). Petitioner must attach to his Motion a copy of a proposed First Amended Petition that includes only exhausted Claims One through Four, which the Court will file if the Court grants Petitioner's Motion for a Kelly Stay. Petitioner may also include in the Motion a notice that, if the Court denies Petitioner's Motion for a Kelly Stay, he alternatively selects one of the other options.

Pursuant to Kelly, 315 F.3d at 1063, if a petitioner dismisses a mixed petition's unexhausted claim, the court may stay the petition's remaining exhausted claims to allow the petitioner time to exhaust the unexhausted claim in state court. Id. at 1070-71. This is called a "Kelly Stay." Unlike a Rhines stay, a Kelly Stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135.

A Kelly Stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and hold in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." Id. (citing Kelly, 315 F.3d at 1170-71). Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed." Id. at 1139-40 (emphasis in original) (citing Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005)).

While a Kelly Stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2244(d)(1). "A petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." King, 564 F.3d at 1140-41. After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" Id. at 1141 (internal citations omitted).

Petitioner may request a Kelly stay and follow the three-step procedure above. First, Petitioner must file a First Amended Petition including only exhausted Claims One through Four and deleting his unexhausted Claim Five. See id. at 1135. The Court will then stay and hold in abeyance the fully exhausted First Amended Petition and allow Petitioner the opportunity to exhaust the deleted Claim Five in state court. See id.

## IV. ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed as a mixed petition by filing a written response **no later than October 29, 2017**. Petitioner must respond to this Order pursuant to one of the options listed above.

1) In order to select Option 1, Petitioner must file a response to this Order showing why he believes that Claim Five is exhausted.

2) In order to select Option 2, Petitioner must file a First Amended Petition that includes only exhausted Claims One through Four.

  3)  In order to select Option 3, Petitioner must file a Motion for a <u>Rhines</u> Stay.

  4)  In order to select Option 4, Petitioner must (a) file a Motion for a <u>Kelly</u> Stay, and (b) attach a proposed First Amended Petition that includes only the exhausted Claims One through Four
.

  If Petitioner chooses Options 2 or 4, the First Amended Petition (a) must use the form provided and write "First Amended" above the words "Petition for Writ of Habeas Corpus"; and (b) must include the case number (CV 17-03003-ODW (SHK)) in the space provided on the first page. Petitioner is advised that the First Amended Petition will supersede all preceding petitions. After amendment, the Court will treat all previously filed petitions as nonexistent. Therefore, the First Amended Petition must contain <u>all</u> claims Petitioner intends to present and be complete without needing to refer to the Petition, or any other pleading, attachment, or document. **A copy of the Petition (ECF No. 1) and a blank petition for writ of habeas corpus by a person in state custody form (CV-69) is attached for Petitioner's convenience.**

  <u>**Caution:**</u> Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition as a mixed petition. **Accordingly, Petitioner may select options in the alternative.**

  The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for his failure to comply with court orders and failure to prosecute. <u>See</u> Fed. R. Civ. P. 41(b).

  **The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

  **IT IS SO ORDERED.**